UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LASHAWN WASHINGTON *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 20-3555 (UNA) |
| ) | |
| DONALD J. TRUMP *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Pending is "Plaintiff's Application For Temporary Restraining Order With Equitable Relief To Maintain The Status Quo And Order To Show Cause Why A Preliminary Injunction Should Not Issue."  The application seeks (1) to enjoin "the General Services Administration from using the Presidential Transition Act of 1963 to transfer executive power to defendant Joe Biden, unofficial President Elect as proclaimed by FOX News and the Associated Press, pending audits and recounts of ballots due to widespread voting irregularities, anomalies, and other specifically described fraud"; (2) an order "against Joe Biden, pending an independent professional medical assessment by a Court-appointed physician at Walter Reid Medical Hospital of Mr. Biden's mental capacity to assume the enormous responsibilities of the Office of the President"; (3) an order "against Mr. Biden, pending this Court's Order requiring the the Department of Justice (DOJ) to investigate Mr. Biden's and his son, Hunter Biden's, alleged engagement with foreign governments in an influence peddling scheme"; and (4) to compel "Mr. Trump, to maintain the status quo as President of the United States, and all authority thereto, and his residence in the Whitehouse, pending resolution of the ballot audits, recounts, and the other referenced relief."  App. at 1-2.

1

Plaintiffs have not filed a separate "affidavit" or "verified complaint." Fed. R. Civ. P. 65(b). Nevertheless, even if the Court were inclined to entertain Plaintiffs' factually unsupported conspiracy theories of election fraud and incapacity on the part of President-Elect Biden, dismissal still would be warranted for at least two reasons. First, the application is at most "a generalized grievance" warranting no "exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Second, although the Department of Justice is not a named defendant, this Court would lack jurisdiction to compel the requested investigation because the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review."), citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) (other citation omitted).

Accordingly, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

                                                            /s/
                                        CHRISTOPHER R. COOPER
Date: December 14, 2020                   United States District Judge